UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-33-JTM-JEM |
| JOSHUA CARPENTER and DEO, | |
| Defendants. | |

OPINION and ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Herzog alleges that his attorney mailed him a thumb drive containing discovery for his criminal case, but when DeKalb County Jail Commander Joshua Carpenter gave him the thumb drive for viewing, it was already opened. Herzog then alleges that he started watching the videos on the thumb drive in the visiting room. At mealtime, Officer Deo entered the room, unannounced, to bring Herzog his tray. Then, Officer Deo lingered in the room for about 30 seconds before leaving.

Herzog sues Jail Commander Carpenter and Officer Deo, seeking damages for violating his constitutional rights. Prisoners have a First Amendment right to send and receive mail, though that right can be limited by restrictions that are "reasonably related to legitimate penological interests." *See Van den Bosch v. Raemisch*, 658 F.3d 778, 785 (7th Cir. 2011) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Thus, courts have held that officials may open and examine an inmate's mail to ensure that it does not contain contraband. *Kaufman v. McCaughtry*, 419 F.3d 678, 685 (7th Cir. 2005). However, "legal mail"—defined as mail marked with an attorney's name and bearing a warning on the envelope that it contains legal mail—may not be read by jail officials and must be opened in the presence of the inmate to protect his privileged communications with his attorney. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). The Constitution places heightened protection on "legal mail," because of the potential for interference with an inmate's Fourteenth Amendment right of access to the courts and, for a criminal defendant, his Sixth Amendment right to counsel. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Guajardo-Palma v. Martinson*, 622 F.3d 801, 803 (7th Cir. 2010). But the one-time opening of a letter from an attorney does not state a claim in the absence of a detriment to a specific legal claim or being part of an ongoing practice or interfering with mail from his attorney. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996); *Jones v. Walker*, 358 F. App'x 708, 712 (7th Cir. 2009) (opening of one piece of inmate's legal mail was insufficient to state constitutional claim where it did not adversely impact his ability to litigate a specific matter and was not part of an ongoing practice of legal mail interference).

Assuming Jail Commander Carpenter was the person who opened the envelope, the allegations do not state a plausible claim against him. Herzog does not allege that the envelope being opened outside his presence adversely impacted his criminal case, that the contents of the envelope were read, or even that the envelope contained privileged attorney-client statements protected by the Sixth Amendment. Nor does he allege that this one instance was part of an ongoing practice of opening legal mail outside his presence.

Similarly, Officer Deo did not violate any of Herzog's rights by viewing 30 seconds of the videos that were part of the discovery in his criminal case. It is not reasonable to infer that these videos constituted privileged attorney-client communications. Herzog has not plausibly alleged his confidential communication with his attorney was impaired or that his criminal case was affected by Officer Deo seeing part of a video.

This complaint does not state a claim for which relief can be granted. If Herzog believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Coltin Drew Herzog until **April 9, 2025**, to file an amended complaint; and

(2) CAUTIONS Coltin Drew Herzog if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: March 4, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT