UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA CARPENTER and DEO,<br><br>Defendants. | CAUSE NO. 1:25-CV-33-JTM-JEM |

OPINION and ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint that the court determined did not state a claim for relief. (DE ## 1, 3.) Specifically, he complained that Jail Commander Joshua Carpenter gave him an envelope from his attorney that had already been opened outside of his presence, contrary to the rules protecting the confidentiality of legal mail. The envelope contained a thumb drive with discovery on it. When he started watching the videos on the thumb drive, Officer Deo entered the room, unannounced, to bring Herzog his meal tray. Then, Officer Deo lingered in the room for about 30 seconds before leaving.

The court determined that the complaint failed to state a claim. As to Jail Commander Carpenter, the court held that a one-time opening of a letter from an attorney did not state a claim in the absence of a detriment to a specific legal claim or being part of an ongoing practice of interfering with mail from his attorney. None of that was alleged. As to Officer Deo, the court held that there were no plausible

allegations that the 30 seconds of video he saw constituted privileged attorney-client communications.

Herzog was given the opportunity to file an amended complaint if he believed he could state a claim based on these events. He has filed an amended complaint (DE #4) and the court must, under 28 U.S.C. § 1915A, review the merits of that complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In the amended complaint, Herzog repeats the allegations about Jail Commander Carpenter bringing him the already-opened envelope with the thumb drive and Officer Deo watching about 30 seconds of the videos. Herzog alleges that this states a claim for two reasons. First, he says the defendants are "purposefully going out of their way to interfere with [his] criminal case." (DE # 4 at 2.) However, he provides no facts to explain how defendants interfered with his case. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to

2

relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). The previous screening order noted that Herzog did not even allege that the envelopes and videos contained any privileged attorney-client statements protected by the Sixth Amendment. (DE # 3 at 3.) The amended complaint does not change that.

Next, Herzog alleges that this was not the only instance in which his legal mail was interfered with, and he cites to two other cases in this court regarding his legal mail: No. 1:24-cv-534-GSL-JEM and No. 1:25-cv-81-JTM-JEM. He cannot use those cases to bolster the claims here, as all the allegations regarding this case must be contained in the amended complaint. *See* N.D. IND. L.R. 15-1(b) ("Amendments to a pleading: (1) must reproduce the entire pleading as amended, unless the court allows otherwise; and (2) must not incorporate another pleading by reference."). In addition, in No. 1-24-cv-534, Herzog was given the opportunity to file an amended complaint that contained all of his allegations concerning his legal mail in one place in order to show a pattern or practice of legal mail violations. Allowing him to proceed in two cases on the same allegations would be frivolous. Therefore, this case, which does not state a claim, will be closed, and Herzog is instructed to bring any relevant legal mail allegations in No. 1-24-cv-534.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad

discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

There are two other pending matters. First, the defendants filed a motion for the court to reconsider the order granting Herzog leave to proceed in forma pauperis. (DE # 7.) They argue that because Herzog has accumulated three "strikes" as defined by 28 U.S.C. § 1915(g) after he filed this lawsuit, he should be precluded from proceeding in forma pauperis here. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [governing proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

According to defendants' motion, and confirmed by court records, Herzog incurred his third strike on March 25, 2025, in *Herzog v. Carpenter*, No. 1:24-cv-563-HAB-SLC (N.D. Ind. decided Mar. 25, 2025), after this case had already been filed in January 2025. By the plain language of the statute, the prohibition on proceeding in forma pauperis is prospective, not retrospective. The language "bring a civil action" demonstrates that the relevant time to determine when a prisoner may proceed in forma pauperis is at the time he or she files the complaint. "Section 1915(g) governs bringing new actions or filing new appeals—the events that trigger an obligation to pay a docket fee—rather than the disposition of existing cases." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th

Cir. 1996). When Herzog filed this case, he did not have three strikes. The motion for reconsideration will be denied.

Finally, Herzog filed a Request for a Ruling, citing Indiana Rule of Trial Procedure 53.1, which sets special procedures for motions in Indiana state courts that have not been ruled on within 30 days. (DE # 12.) The Indiana Trial Rules have no application to this federal case, which is governed by the Federal Rules of Civil Procedure. Filing a motion for a ruling will not result in a case proceeding faster; in fact, it may serve to slow a ruling as judicial resources must be devoted to ruling on unnecessary motions like this. Certainly, this case is important, but this is not the only case pending before this court and all cases filed in this court are important. It takes time to accurately review and justly rule on each filing. Therefore, the motion will be denied.

For these reasons, the court DENIES the motions (DE # 7, # 12) and DISMISSES this case under 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: August 1, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT